UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHARLENE CORMIER and<br>ROBERT CORMIER,<br><br>    Plaintiffs,<br><br>  v.<br><br>JAMES TODD FISHER<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil No. 05-75-B-W<br>)<br>)<br>)<br>) |

**ORDER ON DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT AND ORDER ON PLAINTIFFS' MOTION TO CHANGE VENUE OR RETAIN VENUE**

This case begins like a law school examination: if a Maine resident is injured in Virginia by a Georgia resident, which court has jurisdiction and where does venue lie? This Court's brief answer is that the federal court in Maine does not have jurisdiction and, pursuant to 28 U.S.C. § 1406(a), it transfers the matter to the United States District Court for the Western District of Virginia for further proceedings.

**I. Statement of Facts**

Plaintiffs, Charlene and Robert Cormier, are Maine residents who while in the commonwealth of Virginia were involved in a car accident they alleged was caused by the negligence of Defendant, James Todd Fisher, a resident of Georgia. On May 17, 2005, Plaintiffs filed suit against Mr. Fisher in the District of Maine, claiming damages for personal injuries to Charlene Cormier allegedly arising out of Defendant's negligence. *Compl.* (Docket # 1). Subject matter jurisdiction is grounded in diversity of citizenship, 28 U.S.C. § 1332. *Compl.* at ¶ 3. Defendant, however, filed a motion to dismiss on the ground that Maine has no personal jurisdiction over him as he has never even set foot in

the Pine Tree State.  *Def.'s Mot. to Dismiss or in the alternative, Mot. for Summ. J.* (Docket # 11)(*Def.'s Mot. to Dismiss*).

Plaintiffs respond by arguing that personal jurisdiction is proper under both the Maine long-arm statute and the Due Process Clause of the United States Constitution. *Pls.' Opp'n. Resp. to Def.'s Mot. to Dismiss or in the alternative Mot. for Summ. J.* (Docket # 13)(*Pls.' Opp'n.*).  Wisely, however, they elected to hedge their bet and request that if this Court finds an absence of personal jurisdiction, transfer be made to the Western District of Virginia pursuant to 28 U.S.C § 1406(a).  *Pls.' Alt. Mot. to Change Venue or Retain Venue* (Docket # 14)(*Pls.' Alt. Mot. to Change Venue*).  Defendant requests, however, that the Court exercise its discretion to dismiss the case outright or transfer it to a federal district court in Georgia.  *Def.'s Opp'n. to Pls.' Alt. Mot. to Change Venue or Retain Venue* (Docket # 18)(*Def.'s Opp'n.*).

This Court agrees with Defendant that as a federal trial court in Maine, it has no personal jurisdiction over him; however, it agrees with Plaintiffs that the proper course of action is transfer, not dismissal.  Consequently, this case will be transferred to the federal district court nearest the accident site:  the Western District of Virginia.[1]

## II. Discussion

### A. Personal Jurisdiction

Because this is a diversity case, the Court's authority to exercise personal jurisdiction over a non-resident defendant is limited by the state of Maine's long-arm statute.  *See Am. Express Int'l., Inc. v. Mendez-Capellan*, 889 F.2d 1175, 1178 (1st Cir. 1989).  As Maine's long-arm statute permits jurisdiction over non-resident defendants to

---

[1] Plaintiffs simply request that transfer be made to "Virginia District Court".  *Pls.' Alt. Mot. to Change Venue* at 1.  This Court has added the requisite specificity.

the "fullest extent permitted by the due process clause of the United States Constitution, 14th amendment", 14 M.R.S.A. § 704-A(1), the inquiry focuses on whether the assumption of jurisdiction would violate due process.

Due process requires that the defendant have "minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Int'l. Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). *See also Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 780-81 (1984); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). Minimum contacts are determined by whether the defendant "purposefully avails [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)(citing *Hanson v Denckla,* 357 U.S. 235, 253 (1958)).

To establish personal jurisdiction over a non-resident defendant, the plaintiff must demonstrate that the defendant is subject either to "general jurisdiction" or "specific jurisdiction." "[A] defendant who has maintained a continuous and systematic linkage with the forum state brings himself within the general jurisdiction of that state's courts in respect to all matters, even those that are unrelated to the defendant's contacts with the forum." *Phillips Exeter Acad. v. Howard Phillips Fund, Inc*., 196 F.3d 284, 288 (1st Cir. 1999)(citations omitted). Absent general jurisdiction, this Court may still assume jurisdiction if the claim "relates sufficiently to, or arises from, a significant subset of contacts between the defendant and the forum." *Id*. *See also Donatelli v. Nat'l. Hockey League*, 893 F.2d 459, 462-63 (1st Cir. 1990). This is dubbed "specific jurisdiction". *See generally RF Techs. Corp. v. Applied Microwave Techs., Inc.,* 369 F. Supp. 2d 24,

28-30 (D. Me. 2005); *Harlow v. Children's Hosp.,* No. 05-1605, 2005 U.S. App. LEXIS 28084, *11-*13 (1st Cir. Dec. 20, 2005).

The Maine Law Court has determined that "before exercising its jurisdiction over an out-of-state defendant, the court must conclude that (1) Maine has a legitimate interest in the subject matter of this action; (2) the defendant, by its conduct, should reasonably have anticipated litigation in Maine; and, (3) exercise of jurisdiction by Maine's courts would comport with traditional notions of fair play and substantial justice." *Frazier v. Bankamerica Int'l.,* 593 A.2d 661, 662 (Me. 1991). Once the Plaintiff demonstrates that Maine has a legitimate interest in the controversy and that the requisite minimum contacts exist such that the defendant should reasonably expect litigation in this state, the burden shifts to defendant to prove that the exercise of jurisdiction would not comport with fair play and substantial justice.

Plaintiffs claim all three prongs are met. *Pls.' Opp'n.* at 2-4. This Court cannot agree. Plaintiff's Complaint offers only that the accident occurred in Virginia and that Defendant is a resident of Georgia. *Compl.* at ¶¶ 2, 4-7. This provides no basis to subject the Defendant to suit in Maine. Even if the pleadings were adequate, Plaintiffs could not rest on bare allegations to meet their burden, particularly in light of Defendant's assertion that he has never owned or rented property in Maine, has never operated a business in Maine, never lived, worked, or so much as set foot in Maine. *Def.'s Statement of Uncontested Material Facts* at ¶3-4 (Docket # 12); *Aff. of James Todd Fisher* (Docket # 11 – Attach. 1). *See Frazier,* 593 A.2d at 662 ("[Plaintiff's] showing must be based on specific facts set forth in the record…"); *Boit v. Gar-Tec Products, Inc.,* 967 F.2d 671, 675 (1st Cir. 1992)("We recognize that some courts…appear to hold that allegations in a

4

complaint, unsupported by any evidence in the record before the court, are sufficient to make a prima facie showing of personal jurisdiction so long as the defendant does not present evidence to contradict the allegations…it has long been the rule of this circuit, however, that 'plaintiffs may not rely on unsupported allegations in their pleadings to make a prima facie showing of personal jurisdiction'").

Plaintiffs do not appear to contradict Defendant's lack of contacts with the state of Maine.  Plaintiffs obliquely suggest that they are opposing Defendant's statement of undisputed material facts.  *Pls.' Opp'n.* at 4.  However, they have not alleged any contrary facts, and their Complaint and the affidavit of Charlene Cormier attached to the opposition statement do not provide a factual basis to deny Defendant's claim.[2]

Applying *Frazier* to the evidence at hand, Maine has a legitimate interest in providing its citizens with a means of redress against non-resident defendants – as Plaintiffs argue.  Furthermore, the medical witnesses and creditors appear to be located here.[3]  But, Defendant did not <u>reasonably</u> anticipate litigation in Maine by traveling in Virginia, even though on an interstate highway.  To hold that mere presence on an interstate highway is sufficient to subject one to personal jurisdiction in any state – even

---

[2] Were this motion examined as a motion for summary judgment, Defendant's factual allegations would have been admitted as undisputed, since the Plaintiffs failed to submit an opposing statement, which "admit[s], den[ies] or qualif[ies] the facts by reference to each numbered paragraph of the moving party's statement of material facts", much less one supported by citations to the record.  Local Rule 56(c).  Facts contained in a statement of material facts are "deemed admitted unless properly controverted".  Local Rule 56(f).

[3] The Complaint does not allege that Plaintiff's treatment occurred in Maine, but the record establishes that Plaintiff is a MaineCare recipient and that her continuing care takes place here.  Defendant does not appear to object to this.  *Pls.' Statement Material of Facts* at ¶ 2 (Docket # 13)(*PSMF*); *Def.'s Reply to Statement of Material Facts Submitted by Plaintiffs* at ¶ 2 (Docket # 16)(*DRSMF*).  *See also Aff. of Charlene Cormier* (Docket # 13– Attach. 1).

one through which the highway does not travel – would render the concept of personal jurisdiction, and its requirement of minimum contacts with the forum state, meaningless.[4]

Plaintiffs have, as their counterparts in *Frazier*, "failed to demonstrate that the requisite minimum contacts exist between the defendants and the State of Maine so that defendants should reasonably expect that they would be subject to suit here". They did not make a showing that the defendant directed "any activities to or…[has] any continuing obligation with residents of Maine". That the consequences and costs are felt in Maine does not change the analysis. "The commission outside the forum state of an act that has consequences in the forum state is by itself an insufficient contact where all the events necessary to give rise to a tort claim occurred outside the forum state". *Frazier,* 593 A.2d at 663 (quoting *Martin v. Deschenes,* 468 A.2d 618, 619 (Me. 1983)); *Lorelei Corp. v. County of Guadalupe,* 940 F.2d 717, 721 (1st Cir. 1991).

There is simply no evidence the Defendant has maintained a "continuous and systematic linkage" with the state of Maine, so as to bring him within the reach of general jurisdiction. *Phillips Exeter,* 196 F.3d at 288. Nor does the claim at issue "relate[] sufficiently to, or arise[] from, a significant subset of contacts between the defendant and the forum." *Id.* In short, Plaintiffs have not shown <u>any</u> contacts between the defendant and the forum. Consequently, this Court holds it lacks personal jurisdiction over Defendant.[5]

---

[4] This Court takes judicial notice of the fact that Interstate 81 stretches from Tennessee to Canada, but does not come any closer to Maine than New York.

[5] This conclusion is consistent with the First Circuit's recent *Harlow* decision. In *Harlow,* the First Circuit upheld Judge Hornby's conclusion that the federal court in Maine had no personal jurisdiction over a Boston hospital, which treated a Maine resident. *Harlow*, 2005 U.S. App. LEXIS 28084 at *1-*2. In *Harlow,* the Plaintiff was at least able to produce evidence of some contacts by the Defendant with Maine, which the Court determined were insufficient to trigger personal jurisdiction, *id.* at *27-*28, *31-*32, *36-*37, *48; here, the Plaintiff produced no evidence of any contacts whatsoever by the Defendant with Maine.

6

### B.  28 U.S.C § 1406(a)

Having found personal jurisdiction lacking, the next question is how this action should leave the District of Maine – by dismissal or transfer. The controlling statute is 28 U.S.C § 1406(a), which provides that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought".[6] The Court has the power to transfer a case even if personal jurisdiction is lacking in the transferor forum. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465-66 (1962).

#### 1.  Dismissal or Transfer

Whether to dismiss or transfer a case is left to the sound discretion of the trial court. *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993); *Quinn v. Watson*, No. 05-1321, 2005 U.S. App. LEXIS 16788, *2-*3 (4th Cir. Aug. 10, 2005)(unpublished). *See Cole v. Wittman*, No. 96-1583, 1996 U.S. App. LEXIS 24044, *2 (1st Cir. Sept. 12, 1996)(unpublished). Several courts; however, have held that transfer is generally preferable to dismissal. *Long v. Dart Int'l, Inc.,* 173 F. Supp. 2d 774, 777 (W.D. Tenn. 2001); *Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1103 (C.D. Cal. 2001); *Smart v. Goord*, 21 F. Supp. 2d 309, 318 (S.D.N.Y. 1998); *Ball Corp. v. Weirton Steel Corp.,* No. 86-C-5425, 1986 U.S. Dist. LEXIS 17160, *8 (N.D. Ill. Nov. 26, 1986).

At the outset, Defendant has conceded that the statute of limitations has run on this action, and if the motion to dismiss were granted, Plaintiffs will be barred from refilling in the proper venue. *PSMF* at ¶¶ 6-7; *DRSMF* at ¶¶ 6-7. Consequently, barring

---

[6] There are two other transfer statutes: 28 U.S.C § 1631 and 28 U.S.C § 1404. Neither is alleged to be applicable in this context by the parties. Even if they were, *see Cimon v. Gaffney,* 401 F.3d 1, 7 n.21 (1st Cir. 2005)("Although we are inclined to read § 1631 as allowing for transfers where a federal court lacks any type of jurisdiction (including personal jurisdiction), we need not definitely decide the issue today"), the analysis would not change significantly as the "interests of justice" is the touchstone of all three.

persuasive countervailing considerations, the interests of justice would appear to demand transfer, not dismissal.

Defendant argues that Plaintiffs' filing in the District of Maine was such an obvious mistake as to personal jurisdiction that this Court should not grant relief from the application of the statute of limitations. *Def.'s Opp'n.* at 2-4. He contends that "plaintiffs' Complaint alleges that the accident occurred in Virginia and the defendant is a resident of Georgia…The Complaint does not identify any tie whatsoever between defendant and Maine. The election to file the action in Maine was not an erroneous guess based on "some *elusive* fact". *Id.* at 4 (citing *Nichols v. G.D. Searle & Co.,* 991 F.2d 1195, 1201 (4th Cir. 1993)(citation omitted)). He cites case law in support of his position, relying principally on *Nichols* and *Cote v. Wadel,* 796 F.2d 981 (7th Cir. 1986).

*Cote* concerned a client who brought a malpractice action against defendant attorneys who represented her in a matter in Michigan. The defendants were from Michigan, the malpractice occurred in Michigan, but the suit was filed in Wisconsin – where Plaintiff lived. *Id.* at 982. The Court found no personal jurisdiction over the defendants pursuant to Wisconsin's long-arm statute as the "the only significant connection between the suit and Wisconsin is that the plaintiff lives there". *Id.* at 984. Based on the obvious error of personal jurisdiction and the "very limited scope of appellate review", the Seventh Circuit affirmed. *Id.* at 984-85. Judge Posner concluded the district court had penalized Plaintiff "heavily" in dismissing rather than transferring the action, as she would be "forever barred from bringing…suit", since the statute of limitations had run. *Id.* at 985. Nevertheless, the punishment was not so disproportionate to the wrong it required reversal. *Id.* While affirming the district court, the *Cote* opinion

8

emphasizes the severity of the punishment and the limited nature of the Court of Appeals' scope of review.  It is not, therefore, particularly strong authority for the proposition that the interests of justice are never served by transferring, not dismissing.  Nor is *Nichols.*

*Nichols* concerned a consolidated products liability action brought in Maryland despite the fact that "none of the plaintiffs reside in Maryland and none of their causes of action arose there".  991 F.2d at 1198.  Concluding that advertising and soliciting activities within the forum state could not alone constitute the minimum contacts required for general jurisdiction, the Court addressed whether the district court abused its discretion by denying the motion to transfer the case on the ground that the lack of jurisdiction could reasonably have been foreseen.  *Id.* at 1200-01.  The Court concluded such a denial was appropriate, but was careful to caution that: "we do not imply that a district court would necessarily err by granting a plaintiff's motion to transfer an action that the plaintiff's attorney filed in the wrong court because of an obvious error.  Our holding is only that when the plaintiff's attorney has committed an obvious error and the district court does not find that transfer would serve the interest of justice, we will not disturb its exercise of discretion".  *Id.* at 1202 n.6.

The First Circuit has not had much occasion to enlighten the district courts on the proper interpretation of § 1406.  In *Cole,* the Court affirmed the district court's denial of transfer when an appellant "made no showing that a transfer would be in the interest of justice".  1996 U.S. App. LEXIS 24044 at *2.  *Cole* cited *Mulcahy v. Guertler,* 416 F. Supp. 1083 (D. Mass. 1976), which, after reviewing case law, found that "in each instance in which a transfer has been granted pursuant to § 1406…the plaintiff faced a

9

loss of his cause of action due to the operation of the applicable statute of limitations". *Id.* at 1085-86. Such is the case here.

A review of case law from district courts in this Circuit supports a transfer, rather than a dismissal. *See Saphiere v. Hays,* No. 85-3172-W, 1986 U.S. Dist. LEXIS 25791, *9-*10 (D. Mass. May 7, 1986)("The court concludes that, on balance, the interests of justice favor a transfer, although not be [sic] a wide margin. On the one hand, plaintiffs will lose a significant aspect of their cause of action if the court denies the motion for a transfer. On the other hand, plaintiffs should have known that jurisdiction was plainly lacking. The court has weighed these competing factors and believes that the interest in allowing plaintiffs to maintain their primary claims outweighs the interest in deterring litigants from filing complaints in courts in which personal jurisdiction is clearly lacking"); *Bearse v. Main St. Invs.,* 170 F. Supp. 2d 107, 117 (D. Mass. 2001)("I have the power to transfer the case pursuant to 28 U.S.C. § 1406. I find that it is in the interests of justice to do so. The Plaintiff's allegations are serious, and in this lawsuit, he seeks to remedy a substantial financial loss. It is far better that the allegations be resolved on the merits than on the basis that the Plaintiff picked a forum in which to sue in which neither personal jurisdiction nor venue existed"); *Jennings v. Entre Computer Ctrs., Inc.,* 660 F. Supp. 712, 715 (D. Me. 1987)("the Court concludes that Plaintiffs' choice of venue was the result of mistake and that the interest of justice requires that the case be transferred").[7]

Finally, this Court finds support in *Goldlawr.* The facts of *Goldlawr* may support a conclusion that the remedy of § 1406 was intended to apply to venue frustrated by an "elusive fact" or other "justice-defeating technicalities". 369 U.S. at 466-67. *See*

---

[7] *But see Pedzewick v. Foe,* 963 F. Supp. 48 (D. Mass. 1997)(concluding it would be an abuse of the judicial system if parties were allowed to purposefully file in the wrong court in order to hold open the statute of limitations indefinitely).

*Nichols,* 991 F.2d at 1201.  However the holding is much broader.  The Supreme Court expressly held that "the language of  § 1406(a) is amply broad enough to authorize the transfer of cases, <u>however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not</u>.  The section is thus in accord with the general purpose…of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies <u>on their merits</u>."   369 U.S. at 466 (emphasis supplied).   Within this expansive language is room for the errors made in this case.  This Court finds the interests of justice are better served by allowing Plaintiffs the opportunity to be heard in another forum, rather than by forever foreclosing their ability to present their claim and the possibility of recovery.

### 2. Virginia or Georgia

Having determined the case should be transferred, the last question is to where. Plaintiff requests Virginia; Defendant, Georgia.[8]  *Pls.' Alt. Mot.* at 1; *Def.'s Opp'n.* at 4. The statute states that a Court may transfer the case to any district in which it could have been brought.  Case law elaborates that the "district to which transfer is proposed must

---

[8] Somewhat bafflingly, Plaintiffs' first request is that this matter be retained in Maine even if personal jurisdiction is not found.  *Pls.' Alt. Mot.* at 1 ("in support of transfer/retention in the State of Maine, Plaintiff submits a District court may transfer a case under 28 U.S.C. Section 1406(a) regardless of whether personal jurisdiction exists over the Defendant").  This is a novel argument, and subjects § 1406 to some tenuous mental gymnastics.  Plaintiff's first stumbling block is that the plain meaning of the word "transfer", used in the statute, is "to carry or take from one person or place <u>to another</u>" or "to move or send to a <u>different</u> location".  Webster's Third New International Dictionary (2002)(emphasis supplied). Assuming, however, that this particular hurdle can somehow be leaped, the district court must still "transfer such case to any district or division <u>in which it could have been brought</u>".  28 U.S.C. § 1406 (emphasis added).  Not merely the propriety of venue, which itself is highly suspect here, but personal jurisdiction as well is encompassed within that final phrase.  While it is true that personal jurisdiction need not be found to transfer a case under § 1406, the <u>transferee</u> court must still have personal jurisdiction.  Were this Court, finding itself without jurisdiction, nevertheless to "transfer" the case to itself, it would simply be confronted anew with the question of whether it had personal jurisdiction over the defendant.  Considerations of judicial economy weigh against having this Court run the same race twice, at least with the same participants.

11

have jurisdiction of the subject matter, of the parties, and be one in which venue would have been proper". *Roberts Bros., Inc. v. Kurtz Bros.*, 231 F. Supp. 163, 165-66 (D.N.J. 1964); *Thee v. Marvin Glass & Assoc.*, 412 F. Supp. 1116, 1119 (E.D.N.Y. 1976). *See Jennings,* 660 F. Supp. at 715-16.[9] Under this standard, both Virginia and Georgia would pass muster.

Subject matter jurisdiction exists in both forums based on diversity of citizenship. 28 U.S.C. § 1332. Personal jurisdiction over Defendant, a Georgia resident, would be most easily found in Georgia, but would suffice in Virginia. The Virginia long-arm statute reaches those (3) "causing tortious injury by an act or omission in this Commonwealth". Va. Code Ann. § 8.01-328.1 (2005). A "single act of a defendant, committed inside the Commonwealth either personally or through an agent, will be sufficient to invoke the jurisdiction of the courts of the Commonwealth over that defendant with respect to any cause of action arising from [the long-arm statute]". *Darden v. Heck's, Inc.,* 459 F. Supp. 727, 732 (W.D. Va. 1978). Moreover, since the accident occurred within the commonwealth, the Plaintiff could reasonably anticipate being haled into court in Virginia. The automobile accident constitutes the requisite minimum contact such that suit in that forum for injuries arising out of the accident would not offend traditional notions of fair play and substantial justice. *See Hess v. Pawloski,* 274 U.S. 352 (1927)(concerning the constitutionality of service of process on a non-resident motorist); *Navis v. Henry,* 456 F. Supp. 99, 100 (E.D. Va. 1978)(determining, in the case of a non-resident on vacation in Virginia who injured

---

[9] When a 'transfer is under section 1406(a), the transferee court should apply whatever law it would have applied had the action been properly commenced there." *Jennings,* 660 F. Supp. at 714. In evaluating the propriety of the transferee court's jurisdiction, therefore, this Court will look at the law of Virginia and Georgia, when applicable.

Plaintiffs by his negligence, that "it is abundantly clear that due process is not offended in cases of this nature"). As for venue, again either district would be appropriate. Under 28 U.S.C. § 1391(a)(1) Georgia would be proper as a district where the defendant resides and under 28 U.S.C. § 1391(a)(2), Virginia would be proper as a district in which a substantial part of the events giving rise to the claim occurred.

As the case may be transferred to either district; considerations of equity favor transfer to Virginia. Not only is Virginia the site of the accident,[10] but it would also be easier and less costly for the Plaintiffs, and their Maine witnesses, to travel there.[11] Even though it will presumably be more onerous for the Defendant to travel to Virginia than to remain in Georgia to defend the case, Virginia as the place of trial has the ring of equity, since neither party lives there and therefore each will have to share the burdens of traveling. To require them to return to Virginia has an additional element of fairness, since the accident happened as they were visiting there. Finally, Virginia has an interest in the safety of its roadways – an interest certainly greater than the state of Georgia, which is involved in this matter merely because of the residence of the Defendant.

## III. Conclusion

Plaintiffs' motion to transfer venue (Docket No. 14) is GRANTED; Defendant's motion to dismiss (Docket No. 11) is therefore moot and is DISMISSED without

---

[10] Presumably, investigating police officers and first responders - who may be called as witnesses - are located there as well. This is to some extent suggested by Plaintiffs' response to the motion to dismiss. *Pls.' Opp'n.* at 3.

[11] *See Martinez v. Potter,* 383 F. Supp. 2d 300, 302 (D.P.R. 2005)("A District Court may dismiss a claim filed in the wrong venue or, if the Court deems a transfer to be in the interest of justice or for the convenience of the parties, it may transfer the case to any district in which the claim could have been brought. *See* 28 U.S.C. §§ 1404(a) and 1406(a). Within the parameters of the applicable venue provision, the Court must consider all of the discretionary factors in a case such as the convenience of the parties and witnesses, when deciding whether to transfer the case.").

prejudice. This case is TRANSFERRED to the United States District Court for the Western District of Virginia, pursuant to 28 U.S.C. § 1406(a).

**SO ORDERED.**

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 21st day of December, 2005